# IN THE COURT OF APPEALS OF IOWA

No. 22-0738
Filed December 21, 2022

IN RE THE MARRIAGE OF CODY JOHN BRIGMAN
AND JENNIFER LYNN BRIGMAN

Upon the Petition of
**CODY JOHN BRIGMAN,**
    Petitioner-Appellant,

And Concerning
**JENNIFER LYNN BRIGMAN n/k/a JENNIFER LYNN NEWTON,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


An ex-husband appeals a finding of default following a hearing on his former

spouse's application for rule to show cause. **REVERSED AND REMANDED.**


Deborah L. Johnson of Deborah L. Johnson Law Office, P.C., Altoona, for

appellant.

Ted Harrison Engel of Engel & Maharry, PLC, Clive, for appellee.


Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

This appeal involves the interpretation of a divorce decree providing that holiday time takes precedence over the parties' regular parenting schedule. Finding there was a legitimate dispute over the interpretation, the district court ruled Cody Brigman was in default of the decree but not in contempt. Upon our review, we agree with Cody's interpretation, so we reverse and remand for entry of an order consistent with this opinion.

The marriage of Cody Brigman and Jennifer Newton was dissolved by decree in November 2016. The parties have joint custody of their minor child, W.B. Jennifer was awarded physical care of W.B. subject to Cody's reasonable and liberal parenting time. Among other times, Cody exercises parenting time every other weekend through 8:00 p.m. on Sundays. When it is not his weekend, Cody has parenting time on Thursdays through 8:00 p.m. The decree also incorporated an alternating holiday schedule and states explicitly that "holiday parenting time . . . shall take precedence over the regular parenting schedule."

In 2021, the holiday schedule dictated Cody should exercise parenting time from the Friday after Thanksgiving at 5:00 p.m. through Sunday at 5:00 p.m. Because this weekend was also Cody's regularly-scheduled parenting time, Cody did not return W.B. until 8:00 p.m. on Sunday. Similarly, at the 2021 Christmas holiday, Cody was scheduled for holiday time from noon on December 25 until 5:00 p.m. on December 26. Because it was also Cody's regularly-scheduled weekend, he returned W.B. at 8:00 p.m. on Sunday, December 26.

In January 2022, Jennifer filed an application for rule to show cause on account of the two allegedly late exchanges. The district court found Cody not

guilty of contempt on both counts because he did not knowingly, intentionally, and willfully violate the court's order with respect to the holiday visitation schedule. The court found Cody in default of the divorce decree for violating its provision on holiday visitation. Cody timely appealed this ruling, challenging the court's interpretation and impact it will have on future exchanges.

We review legal conclusions in contempt actions for correction of errors at law. *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995). "In construing a dissolution decree, we give force and effect to every word, if possible, in order to give the decree a consistent, effective and reasonable meaning in its entirety." *In re Marriage of Brown*, 776 N.W.2d 644, 650 (Iowa 2009). Here, we find force and effect was not afforded to the key term "precedence," which the dictionary defines as "a priority of importance."[1] Such priority necessarily implies a conflict or choice between at least two alternatives. However, no conflict existed here. The holiday schedule takes precedence during the times listed in the holiday schedule. Outside of those times, the regular parenting schedule applies. *See In re Marriage of Mennen*, No. 09–1821, 2010 WL 2384865, at *2 (Iowa Ct. App. June 16, 2010) (acknowledging a mother disobeyed a visitation order by taking the child at the start of the father's regularly-scheduled weekend when her holiday visitation was not to occur until Sunday). In light of this clarification, we find Cody was not in default of the divorce decree with respect to either of the incidents in question. We reverse and remand for entry of an order consistent with this opinion.

**REVERSED AND REMANDED.**

---

[1] *Precedence*, Merriam-Webster, https://www.merriam-webster.com/dictionary/precedence (last visited Nov. 28, 2022).